IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Unique S. Butler<br>a/k/a exotic dancer "Dior"<br>9401 Hannahs Mill Dr.<br>Owings Mills, MD 21117<br><br>    Plaintiff<br><br>v.<br><br>PP&G, INC.<br>10 Custom House Ave<br>Baltimore, MD 21202<br><br>          and<br><br>NORMA JEAN'S NITE CLUB<br>10 Custom House Ave<br>Baltimore, MD 21202<br><br>    Defendants. | ) <br>) <br>) <br>) <br>) <br>) <br>) <br>) Civil Action No.<br>) JURY DEMAND<br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) <br>) |

COMPLAINT

Comes now the Plaintiff Unique S. Butler a/k/a exotic dancer "Dior" ("Plaintiff") by and through her undersigned counsel, hereby files this complaint against the Defendants PP&G, INC ("Defendant") and NORMA JEAN'S NITE CLUB ("Defendant"), to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA") and to recover damages under the Maryland Wage Payment and Collection Law ("MWPCL"), Maryland Code, Labor and Employment Article §§ 3-501 *et seq*. and common law torts.

PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the Owings Mill, MD.

1

2. Defendant PP&G, INC is an incorporated business formed under the laws of the State of Maryland with its principal place of business in Baltimore, Maryland. Defendant NORMA JEAN'S NITE CLUB is an incorporated business formed under the laws of the State of Maryland with its principal place of business in Baltimore, Maryland. Defendants are in the business of operating a strip club known as PP&G, INC and/ or NORMA JEAN'S NITE CLUB featuring nude exotic female dancers. Defendant PP&G, INC is the Owner and Manager of NORMA JEAN'S NITE CLUB that sets and enforced the rules. At all times during Plaintiff's employment with the Defendants, Defendant NORMA JEAN'S NITE CLUB and Defendant PP&G, INC, were responsible for setting the rules that Plaintiff was required to follow and determined Plaintiff's rate and method of pay. At all times relevant, Defendants were Plaintiff's "employers" for purposes of the FLSA and MWPCL.

3. During Plaintiff's employment, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)). At all times relevant, Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)). At all times relevant, Plaintiff was an individual employee engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

4. This Court has jurisdiction over Defendants pursuant to the Maryland Wage Payment and Collection Law ("MWPCL"), Maryland Code, Labor and Employment Article §§ 3-501 *et seq*. Venue in this Court is as Defendants acts occurred in Prince Georges County Maryland.

FACTS

5. Plaintiff was employed by Defendants from October 2007 through June 2012[1] as an exotic dancer. At all times, Plaintiff's primary job duty was as an exotic dancer at Defendants' Strip Club in Baltimore, Maryland. Defendants' Strip Club features nude exotic dancers. Plaintiff performs a duty that is central and integral to Defendants' business. Plaintiff possessed no specialized skill in dancing and the Defendants did not require any level of education or previous certification (such as, by way of example, completion of a pole dance class) before hiring Plaintiff or other dancers.

6. During her term of employment, from July 2009 until August 2012, Plaintiff regularly worked 5 – 7 nights a week for 7 hours a day. From October 2007 through June 2012. Plaintiff was required to pay out $45 of her tips to the Defendants and an additional $20 if she was late for her shift. Plaintiff was required to entertain customers "according to means and methods prescribed by" management. The managers kept records of the lap-dances that Plaintiff preformed each day and night shift. Plaintiff was required to appear on stage to dance at fixed times, comply with a dress code and wear costumes in compliance with management requirements. While in Defendants' employ, Defendants failed and refused to pay Plaintiff any wages for work duties performed.

7. Defendant's required to pay the DJ (Disc Jockey) for the right to work at the club, $10-$15 per night in DJ fees out of her tips.

8. The Defendants hired and fired dancers, determined what hours they worked, and hired its dancers based solely on whether they 'look good' rather than individual performance experience or talent. Many of dancers who have been hired by the Defendants have never danced at a club before, so they had zero experience in exotic dancing but were still hired

---

[1] Plaintiff's damages extends back only 3 years from the February 7, 2013 filing date.

based on looks alone and not any skill level. Defendants did not even require the newly hired dances to have a certificate of completion from a pole dance class.

9. Management at the club determines which dancers are going to work on any given shift; how many shifts they'll have in a day; how long each of the shifts are; what the dancers can/cannot dance to.

10. Plaintiff was required to follow all of the clubs rules and regulations and failure to follow the rules will result in suspension or termination.

11. The only money Plaintiff made at the club is from tips that she receives from customers. She is then required to use her tips to pay the club their mandatory fees.

12. She is required to pay DJ fees and clean up fees each day.

13. Plaintiff is required to pay the Club Lap dance fees.

14. She paid the club the following lap dance fees out of her tips from customers.

15. Plaintiff was not paid wages and under the minimum wage laws for tipped employees that she is owed unpaid wages.

16. Plaintiff did not share in the profits of the Club.

17. During her employment at the Defendants' Strip Club, she was completely dependent on the "tip" income that she received from the customers at the club.

18. The management of the Club scheduled the times and days Plaintiff was to work and she was fined if she failed to work according to the schedule established by Club management.

19. The Defendants established the rates for the services that Plaintiff provided to customers of the Club. Plaintiff had no voice in any of the pricing for the services she provided.

20. Plaintiff was treated as an employee of the Club and she was required to attend mandatory meetings or she would be terminated.

21. Plaintiff did have to provide her own costumes for dancing, however Club management dictated the type of costumes she could wear.

22. Plaintiff's job was to entertain the customers of the Club. It was the Club's responsibility to bring in the customers. Management established all rules and policies from the hours the business would be open down to the songs we could dance to.

23. Plaintiff had no involvement in or responsibility for the operation of the business.

24. At all times, Plaintiff was an employee of Defendants and was never an independent contractor.

25. Notwithstanding that Defendants paid Plaintiff nothing for her hours worked each week; Defendants took deductions and withheld money from Plaintiff's tips. Additionally, Defendants charged Plaintiff with late fees and fines for calling in sick or arriving late to work.

26. A United States District Court Judge for the District of Maryland, Judge Roger W. Titus in Latoya Francis v. Ronald Hunt, et. al. RWT 04-cv-637 on February 2, 2005, has already ruled as a matter of law that an exotic dancer is an employee as that term is used in the Fair Labor Standards Act and relevant Maryland and District of Columbia statutes. This case is no different.

CAUSES OF ACTION
COUNT I
Violation of Federal Fair Labor Standards Act
(Minimum Wage)

27. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-26

above, as if each were set forth herein.

28. Section 206(a)(1) of the FLSA provides that no employer shall employ any employee for an hourly wage of less than the federal minimum wage, currently $7.25 per hour.

29. At all times, Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 206(a)(1), and Defendants was her "employer." Defendants, as Plaintiff's employer, was obligated to compensate Plaintiff for all hours worked at an hourly rate not less than the Federal Minimum Wage.

30. At all times relevant, Defendants paid Plaintiff nothing for all hours worked. In fact, when the deductions and withholdings that Defendants took from Plaintiff are factored in, Defendants paid Plaintiff less than nothing for hours worked each week. At all times relevant, such an hourly rate falls.

31. Defendants have failed and refused to compensate Plaintiff as required by the FLSA for numerous hours worked. This failure and refusal to pay compensation as required by the FLSA was willful and intentional, and not in good faith and done with actual malice. WHEREFORE, Plaintiff asks this court to Declare the actions of as described in the preceding paragraphs to be unlawful employment practices in violation of the laws of United States and hold Defendant liable to Plaintiff under Count I for unpaid minimum wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), punitive damages, attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate and enter a judgment against Defendant.

### COUNT II
### Violation of the Maryland Wage Payment and Wage Collection Law

32. Plaintiff realleges and reasserts each and every allegation set forth in Paragraphs 1-31

above, as if each were set forth herein.

33. Plaintiff was an "employee," and Defendants were her "employer" within the meaning of the MWPCL §§ 3-501, *et seq.* Under MWPCL § 3-505, Defendants, as Plaintiff's employers, were obligated to pay Plaintiff all wages due for work that Plaintiff performed.

34. Habitually, over the course of Plaintiff's employment, Defendants made deductions and made withholdings from Plaintiff's pay. Such deductions and withholdings included, but were not limited to, late fees, stage fees and illness fines. These deductions and withholdings made by Defendants were never authorized by Plaintiff.

35. Defendants' taking of deductions and withholdings from Plaintiff's pay resulted in a failure by Defendants to pay Plaintiff all wages due and promised for worked performed as required by the MWPCL. Defendants failure to pay Plaintiff all wages due for work performed, and taking of unauthorized and unlawful withholdings and deductions from Plaintiff's pay was willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendants, and was not in good faith and done with actual malice. Defendant made deductions from Plaintiffs' pay by way of charges, fees, and fines mandated by Defendants to be paid by Plaintiff to Defendants. Defendants made these deductions from Plaintiff's pay without any purpose or excuse allowable under MWPCL 3-503 and without written permission by Plaintiff. Defendants action of taking deductions from Plaintiff's wages was unlawful and constituted a violation of the MWPCL for which Defendant is liable to Plaintiffs as a matter of law.

WHEREFORE, Defendant is liable to Plaintiff under Count II, for all unpaid and/or improperly deducted wages in such amounts to be proven at trial, plus three (3x) times

the amount of unpaid and/or improperly deducted wages as additional damages, interest (both pre- and post-judgment), attorney's fees, costs, punitive damages and any other further relief this Court deems appropriate.

## COUNT III

### Negligence

35. Plaintiff re-pleads and re-alleges paragraphs 1 through 34, with the same force and effect as if set forth separately at length herein.

36. Defendants had a duty to use reasonable care to avoid violating Maryland and Federal wage laws and train and supervise their employees and avoid depriving Plaintiff of her rights and wages under the Maryland and Federal wage laws. Defendants breached their duty of care to Plaintiff.

37. As a result of Defendants' breach, Plaintiff suffered extreme and enduring mental anguish and economic loss. The acts and omissions of Defendants are the proximate cause of Plaintiff's injuries.

40. Defendants breached their duty to stop it's employee/agent from failing to pay Plaintiff and the wages, illegally taking their tips and illegally making her pay fines.

41. Defendants breached their duty by failing to supervise and train their employee/agent to stop the illegal practice of failing to pay Plaintiff and the wages, illegally taking their tips and illegally making her pay fines. As a result of the conduct of Defendants, Plaintiff suffered mental extreme anguish and economic loss.

42. Plaintiff asks for $100,000 in compensatory damages against both Defendants for the Negligence count and the amount to be determined by a jury. Plaintiff asks for interest (both pre- and post-judgment), attorney's fees, costs, and any other further relief this

8

Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

_____/s/_____
Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
P.O. Box 639
Oxon Hill, MD 20750
(301) 661-1165
(301) 298-5194 (fax)
Bar# 14639