IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Unique S. Butler | ) |
|    Plaintiff | ) ) ) |
| v. | ) Civil Action No. WMN-13-430 |
| PP&G, INC. | ) ) ) ) |
|    Defendant. | ) ) |

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

The following Request for Admissions are propounded to Defendant for purposes of discovery, or for use as evidence in this action, or both. You are required to answer and to admit or to deny each request fully and completely in writing and under oath within thirty (30) days after service of these Requests for Admissions upon you and to serve a copy of your answers upon counsel for Plaintiff.

### I. INSTRUCTIONS

1. These instructions and definitions should be construed to require answers based upon the knowledge of, and information available to, the responding party as well as its agents, representatives, and, unless privileged, attorneys. It is intended that the following discovery requests will not solicit any material protected either by the attorney/client privilege or work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any inquiry is susceptible of a construction which calls for the production of such material, that material need not be provided and no

1

privilege log pursuant to Fed. R. Civ. P. 26(b)(5) or Discovery Guideline 9(a) will be required as to such material.

2. Pursuant to Discovery Guideline 9(c), in accordance with Fed. R. Civ. P. 26(b)(5), where a claim of privilege is asserted in objecting to any interrogatory or part thereof, and information is not provided on the basis of such assertion:

    a. In asserting the privilege, the responding party shall, in the objection to the interrogatory, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed;

    b. The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information;

        i. For oral communications:

            1. the name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication;

            2. the date and place of the communication; and

            3. the general subject matter of the communication. (Standard Instruction).

        ii. For documents:

            1. the type of document,

            2. the general subject matter of the document,

            3. the date of the document, and

4. such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other. (Standard Instruction).

5. If the responding party elects to specify and produce business records in answer to any interrogatory, the specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as the responding party can, the business records from which the answer may be ascertained. (Standard Instruction).

3. If, in answering these Admissions, the responding party encounters any ambiguities when construing a question, instruction, or definition, the responding party's answer shall set forth the matter deemed ambiguous and the construction used in answering.

## ADMISSIONS

1. Admit that Plaintiff worked for Defendant as an exotic dancer at Defendants' NORMA JEAN'S NITE CLUB exotic dance club in Baltimore Maryland, from 2007 through 2012.

2. Admit that Defendant is a Limited Liability Company formed under the laws of the State of Maryland with its principal place of business in Baltimore Maryland.

3. Admit that Defendant is in the business of operating a nightclub and bar known as NORMA JEAN'S NITE CLUB, which features semi-nude and nude exotic dancers.

4. Admit that while Plaintiff worked as an exotic dancer for Defendant, Defendant never once paid Plaintiffs any wages for work duties performed.

5. Admit that all times while Plaintiff worked as an exotic dancer for Defendant, Defendant controlled every aspect of Plaintiff's work relationship with Defendant.

6. Admit that at no time while Plaintiff worked as an exotic dancer for Defendant did Plaintiff enjoy any opportunity for the profit or loss in business the of the NORMA JEAN'S NITE CLUB.

7. Admit that at no time while Plaintiff worked as an exotic dancer for Defendant did Plaintiff ever make a financial investment in the NORMA JEAN'S NITE CLUB.

8. Admit that at all times while Plaintiff worked as an exotic dancer for Defendant, Plaintiff's work-related services were an integral part of Defendant's business.

9. Admit that Defendant fined Plaintiff.

10. Admit that Defendant took deductions, and withheld money from Plaintiff's tips.

11. Admit that Defendant withheld money from Plaintiff's tips.

12. Admit that Defendant has no record of ever paying wages to or otherwise compensating Plaintiff for work duties performed.

13. Admit that Defendant set and controlled Plaintiff's work schedule.

14. Admit that Defendant had the ability to discipline Plaintiff by taking her off the schedule.

15. Admit that Defendant set club rules and standards for who could and could not be hired to work at NORMA JEAN'S NITE CLUB.

16. Admit that Defendant set a disciplinary schedule, which included fines, for violations of NORMA JEAN'S NITE CLUB rules.

17. Admit that Plaintiff has not invested money in Defendant nor does any Plaintiff hold any membership or ownership interest in NORMA JEAN'S NITE CLUB.

18. Admit that Plaintiff's earnings at NORMA JEAN'S NITE CLUB came only from her tips.

19. Admit that the ability of an exotic dancer to entice her customers to give large tips is known in the industry as "hustling."

20. Admit that the Defendant is responsible for advertisement, location, business hours, maintenance of facilities, aesthetics, and inventory of beverages and food.

21. Admit that Defendant did not provide Plaintiff with a W-2 or 1099 for tax year 2009.

22. Admit that Defendant did not provide Plaintiff with a W-2 or 1099 for tax year 2010.

23. Admit that Defendant did not provide Plaintiff with a W-2 or 1099 for tax year 2011.

24. Admit that Defendant did not provide Plaintiff with a W-2 or 1099 for tax year 2012.

25. Admit that Plaintiff's income at NORMA JEAN'S NITE CLUB was based wholly on receipt of tips from Defendant's customers.

26. Admit that Plaintiff was at all times wholly dependent on Defendant to provide a facility and amenities therewith to perform her job duties while working at NORMA JEAN'S NITE CLUB.

27. Admit that Plaintiff's employment with Defendant was dependent on Defendant's wit, financial savvy, and business know-how to keep Defendant's business financially sound, so as to keep the doors open and afford Plaintiff the opportunity to work at NORMA JEAN'S NITE CLUB.

28. Admit that Defendant did not require any level of education or previous certification (such as, by way of example, completion of a pole dance class) to work at NORMA JEAN'S NITE CLUB.

29. Admit that Plaintiff performed a duty that is central and integral to Defendant's business.

30. Admit that Defendant paid Plaintiff no wages for her hours worked.

31. Admit that Plaintiff never signed a document authorizing Defendant to take deductions for the cost of NORMA JEAN'S NITE CLUB.

32. Admit that Defendant did not rely on any U.S. Department of Labor Opinion in your decision not to pay Plaintiff wages as required by law.

33. Admit that Defendant did not rely on any Maryland Department of Labor Opinion in your decision not to pay Plaintiff wages as required by law.

34. Admit that Defendant did not rely on any 4th Circuit Court Opinion in your decision to not to pay Plaintiff wages as required by law.

35. Admit that Defendant did not rely on any Maryland Court Opinion in your decision not to pay Plaintiff wages as required by law.

36. Admit that Defendant cannot produce any documented evidence that it relied on any legal opinion, Department of Labor Opinion, or other written guidance to mitigate its failure to pay wages as required by law.

37. Admit that Defendant made over $500,000 in gross revenue in 2009.

38. Admit that Defendant made over $500,000 in gross revenue in 2010.

39. Admit that Defendant made over $500,000 in gross revenue in 2011.

40. Admit that Defendant made over $500,000 in gross revenue in 2012.

41. Admit that Plaintiff never authorized in writing for the Defendant to make deductions from Plaintiff's wages.

42. Admit that Defendant made deductions from Plaintiff's pay by way of charges, fees, and fines mandated by Defendant to be paid by Plaintiff to Defendant.

43. Admit that Defendant made deductions from Plaintiff's pay by way of charges mandated by Defendant to be paid by Plaintiff to Defendant.

44. Admit that Defendant made deductions from Plaintiff's pay by way of fees mandated by Defendant to be paid by Plaintiff to Defendant.

45. Admit that Defendant made deductions from Plaintiff's pay by way of fines mandated by Defendant to be paid by Plaintiff to Defendant.

46. Admit that Defendant made deductions from Plaintiff's wages without written permission from Plaintiff.

47. Admit that Defendant has a significant role in drawing customers to its nightclub.

48. Admit that Defendant never provided Plaintiff with a W-2 or 1099 reflecting the costs of NORMA JEAN'S NITE CLUB.

49. Admit that Plaintiffs never signed a document authorizing Defendant to take deductions for the costs of NORMA JEAN'S NITE CLUB.

50. Admit that Defendant is responsible for advertisement for NORMA JEAN'S NITE CLUB.

51. Admit that Defendant is responsible the location and business hours of NORMA JEAN'S NITE CLUB.

52. Admit that Defendant is responsible maintenance of facilities, aesthetics, and inventory of beverages and food NORMA JEAN'S NITE CLUB.

53. Admit that the Federal Fair Labor Standards Act, 29 U.S.C. sec. 201 *et seq.* ("FLSA"); *29 U.S.C. sec. 255* establishes the relevant statute of limitations for actions under the FLSA as follows:
> Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards

>  Act of 1938, as amended, the Walsh–Healey Act or the Bacon-Davis Act-
>  (a) if the cause of action accrues on or after May 14, 1947 –
>  may be commenced within two years after the cause of action
>  accrued, except that a cause of action arising out of a willful
>  violation may be commenced within three years after the cause
>  of action accrued;....

54. Admit that claims under the Maryland Wage Payment and Collection Law (MWPCL) are governed by Maryland's general three year statute of limitations. *See generally, Greene Tree Home Owners Assn. v. Greene Tree Assoc.*, 358 Md. 453, 749 A. 2d 806 (2000). That statute, codified at *Md. Cd. Annot., Courts & Judicial Proceedings* § 5-101 reads:

>  A civil action at law shall be filed within three years from the date it
>  accrues unless another provision of the Code provides a different period of
>  time within which an action shall be commenced.

Respectfully submitted,

/s/
Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
P.O. Box 639
Oxon Hill, MD 20750
(301) 661-1165
(301) 560-5267 Fax
Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Unique S. Butler | ) |
| Plaintiff | ) ) ) ) |
| v. | ) Civil Action No. WMN-13-430 |
| PP&G, INC. | ) ) ) ) ) |
| Defendant. | ) ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of April 2013, the foregoing Plaintiff's Admissions to Defendant were sent by email and first-class mail, postage pre-paid to:

John C. Themelis, Esquire
Themelis Firm, LLC
4610 Eastern Avenue
Baltimore, Maryland 21224
Tel. 410-467-3400
Fax 443-438-3000
jct@themelisfirm.com

/s/
Jimmy A. Bell, Esq.