|  |  |
|---|---|
| )<br>)<br>)<br>**Unique S. Butler** )<br>)<br>**Plaintiff** )<br>)<br>v. )<br>)<br>**PP&G, INC.** )<br>)<br>)<br>**Defendant.** )<br>_____ ) | IN THE UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF MARYLAND<br><br><br>Civil Action No. WMN-13-430 |

## AFFIDAVIT

I, Larelle Little have been employed as an employee of PP & G, Inc. for ten (10) years (first three (3) years as an Entertainer and last seven (7) years as bartender working 8:00 PM to 2:00 AM as the bartender) doing business as Norma Jeans Nite Club at 10 Custom House Avenue located in Baltimore City Maryland 21202 (telephone at Norma Jeans is 410-625-0680). Based on my position as bartender and based on my personal knowledge, I submit, under oath, the following:

1. As the bartender for the 8:00 pm to the 2:00 AM shift it is my responsibility to collect the maintenance fee. The Plaintiff entertained during my shift with me.

2. The Plaintiff Unique Stacey Butler aka "Dior" never objected in any way to paying the maintenance fee. She normally came to entertain after 800pm and left at or before 12:00 midnight, and she never asked for a waiver from paying the maintenance fee. Unique Stacey Butler aka "Dior" entertained five (5) days a week and Plaintiff entertained not more than twenty(20) hours per week..

3. The Plaintiff came to entertain whenever she wished and left whenever she wished.

4. All of the Independent Contractors, danced whenever they wished and there were never any dance schedules prepared by anyone except the Independent Contractors.

5. No one based on my personal knowledge except the Plaintiff determined the method and manner of her performance including but not limited to the days and hours she entertained, when and how long she danced, what clothing or outfits she wore ,including street clothes, subject to Maryland Law and the Rules of the Liquor Board, if they decided at anytime to become an employee of PP & G, Inc. and any and all other matters related to her entertainment without exception or limitation. The Plaintiff checked in with me. The Plaintiff worked with me and I remember because I held the payment of non alcoholic beverage purchased for her until she left and when she wanted me to do so, I held the lap dance monies, all of which were returned to her when she left. There were no deductions of any sort that were withheld by me and she always paid me thereafter the maintenance fees.

6. As an employee I pay a $5.00 maintenance fee.

7. There are no penalties, fines or other sanctions imposed on the Independent Contractors for any reason. If so, I or Walter Robinson, the General Manager would have collected same.

8. No deductions whatsoever were withheld by me. After Plaintiff was given 100% of any monies held by me, the Plaintiff paid me the maintenance fee.

9. There were no less than thirty five (35) but no more than fifty(50) Entertainers including the Plaintiff who entertained during my shift on any given evening, and some but not all of the Entertainers elect to dance, as such, dancers were only one of the features of the Club on my shift when Plaintiff entertained during my shift.

10. The Plaintiff entertained with me for no more than 4 hours during 5 evenings and for not more than 20 hours per week.

11. All of the above was based on my personal knowledge and I am competent to testify as a witness to the matters herein stated.

|  |  |  |
|---|---|---|
| ) | ) | IN THE UNITED STATES DISTRICT COURT |
| Unique S. Butler | ) ) | FOR THE DISTRICT OF MARYLAND |
| Plaintiff | ) ) |  |
| v. | ) | Civil Action No. WMN-13-430 |
| PP&G, INC. | ) ) |  |
| Defendant. | ) ) ) |  |

### VERIFICATION OF ATTACHED AFFIDAVIT FROM , LARELLE LITTLE

I, LARELLE LITTLE, do hereby certify, swear ,or affirm that the contents of the Attached Affidavit ,are true and accurate, under the penalties of perjury , based on my personal knowledge.

*[signature: Larelle Little]*

LARELLE LITTLE