| | | |
|---|---|---|
| UNIQUE S. BUTLER | * | IN THE UNITED STATES DISTRICT COURT |
| PLAINITFF | * | FOR THE DISTRICT OF MARYLAND |
| V. | * | |
| PP & G, INC. | * | CIVIL ACTION NO. WMN-13-430 |
| DEFENDANT | * | |

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

### AFFIDAVIT OF KEVIN KLEIN

I, Kevin Klein, based on my personal knowledge, submit under oath, the following:

1. I have been employed by PP & G, Inc. dba Norma Jeans's Nite Club in Baltimore City, Maryland fifteen (15) years working only during the 8:00 p.m.-2:00a.m. shift as security.

2. On frequent occasions, during the fifteen (15) years, in my presence, on the floor of the club, I have overheard the General Manager speaking to newly engaged "Entertainers", telling them, that at any time, they could notify him if they wish to change from Independent Contractor to a "tipped" employee but they would receive a W-2 from the Club and would have to advise the Club of their tips for tax purposes.

3. As an employee, I have to pay a maintenance fee of $5.00 each evening that I work to cover my usage of towels, towlets, non alcoholic beverages that I drink during the shift.

4. I was advised of the maintenance fee when I was hired.

5. Unique Butler aka "Dior" always entertained during the same shift that I work.

6. I saw her come in the Club usually between 9:00 p.m.-9:30 p.m. and leave between 12:00 a.m. (midnight) and 1:00 a.m.

7. On the evening in which Unique Butler and Danyelle Toomer fought, both were suspended.

8. I saw Daneylle Toomer come back as an "Entertainer" but did not see Unique Butler entertain after June 11, 2012.

9. I first saw Unique Butler entertain in the Club during May, 2010.

10. Two weeks before the fight, I saw and heard Unique Butler in several loud arguments with other entertainers and saw her damage other "Entertainers" property and this conduct continued until the physical fight with Danyelle Toomer on June 11, 2012.

11. Before the fight, I saw and heard the General Manager, Walter Robinson, tell Unique Butler that this type of conduct must stop or she would be suspended indefinitely.

12. She was not a team player and lacked personality and people skills, based on my observation, to interact with other "Entertainers" and I saw adverse reactions by patrons who were nearby during her arguments with other "Entertainers".

13. Based on my observations the Independent Contractors who were engaged as "Entertainers" during the period in which I worked for PP & G, Inc. come in all body types, heights, all weight levels and all races.

14. I have never met an "Entertainer" that was not an Independent Contractor who could come and go as she pleases, come in to entertain when she wanted and whatever shift she preferred, and leave whenever she pleased based on my observations during the evening shift.

15. I have seen "Entertainers" who are engaged as Independent Contractors at Norma Jean's Nite Club going into a competitors business to entertain.  On several occasions I went into the competitors business to verify in fact that the" Entertainers "were dressed in the same clothing/outfits that they wore while entertaining at Norma Jean's Nite Club.

16. I have never heard or seen any General Manager tell an "Entertainer":
    a) That she had to dance or if she wanted to dance, when she could dance, and
    b) That she had to wear certain clothing or not wear certain clothing, and
    c) That she had to do "lap dances" or that she could not do "lap dances".
    d) That she had to entertain during a certain time or day or that she could not leave when she wanted to leave.
    e) That she had to pay a penalty, fine or submit to any other type of sanction except when there was a violation of the Liquor Board rules as to the sale of alcohol or adult entertainment or a violation of a criminal law that I have seen result in an immediate suspension.

17.  That I have, as an employee, never paid a fine, penalty or had any other type of sanction imposed on me for coming in late or for any other reason during my fifteen (15) years with PP & G, Inc.

18. That I as an employee have received, each year, in a timely manner, a W-2 statement from PP & G, Inc. for filing my taxes with the State and with IRS.

19. I know, based on my personal knowledge and observations, that Larelle Little , the bartender for my shift, was an "Entertainer" for 3 years as an Independent Contractor

and switched to an employee when she wished to become a Bartender. I know she is an employee because all Bartenders are employees and she works a set shift.

20. I have never known any "Entertainer" not to be an Independent Contractor and only when they cease entertaining and bartenders do "Entertainers" become Employees and stop entertaining.

21. I, as a longtime employee of PP & G, Inc., have:

   a) Never shared in the profits of Norma Jean's Nite Club and I am at the Club during each evening shift, on time every day not just when I want to be there and

   b) Never have had the opportunity to invest monies into PP & G, Inc. and

   c) Never have shared in the profits or losses in the Club, and

   d) Never invested in any equipment or material that can be used elsewhere such as my clothing that is worn when I am on the street and not at work, or elsewhere, and

   e) Never used forced unless absolutely necessary even though I have skills in disarming and subduing violent individuals, but instead try to diffuse any situation by using "people skills" talking to the individuals involved so as to prevent anyone from getting hurt.

|  |  |
|---|---|
| Unique S. Butler ) | IN THE UNITED STATES DISTRICT COURT |
| ) | FOR THE DISTRICT OF MARYLAND |
| Plaintiff ) |  |
| v. ) | Civil Action No. WMN-13-430 |
| PP&G, INC. ) |  |
| Defendant. ) |  |

### VERIFICATION OF ATTACHED AFFIDAVIT FROM KEVIN KLEIN

I, KEVIN KLEIN , do hereby certify, swear ,or affirm that the contents of the Attached Affidavit ,are true and accurate, under the penalties of perjury , based on my personal knowledge.

_____
KEVIN KLEIN