IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNIQUE S. BUTLER                    *
                                    *
v.                                  *       Civil Action No. WMN-13-430
                                    *
PP&G, INC.                          *
                                    *
                                    *
    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM AND ORDER

Before the Court is Defendant PP&G, Inc.'s Motion for
Reconsideration of this Court's November 7, 2013, Memorandum and
Order, ECF Nos. 35, 36, granting partial summary judgment in
favor of Plaintiff Unique S. Butler.  ECF No. 47.  Plaintiff
previously filed two motions for partial summary judgment.  See
ECF Nos. 10, 21.  The Court denied the first motion, noting that
a sufficient factual record was not before it.  ECF No. 18.  In
considering the second motion, which included as exhibits
deposition testimony and affidavits, the Court determined that
Plaintiff and Defendant were in an employer-employee
relationship under the Fair Labor Standards Act ("FLSA"), that
Defendant is liable to Plaintiff for unpaid minimum wages under
the FLSA, and that Defendant is liable to Plaintiff for
liquidated damages under the FLSA.  ECF No. 35.  After this
Court's decision on the second motion for partial summary
judgment and before the motion for reconsideration was filed,

1

Defendant obtained new counsel.  Defendant now files for

reconsideration of this Court's decision on the second motion

for partial summary judgment.

Reconsideration of interlocutory orders is governed by

Federal Rule of Civil Procedure 54(b).  See, e.g., Am. Canoe

Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir.

2003) ("[A] district court retains the power to reconsider and

modify its interlocutory judgments, including partial summary

judgments, at any time prior to final judgment when such is

warranted.").  Under Rule 54(b), "any order or other decision,

however designated, . . . may be revised at any time before the

entry of a judgment adjudicating all the claims and all the

parties' rights and liabilities."  Resolution of a motion to

reconsider under Rule 54(b) is "'committed to the discretion of

the district court,'" Lynn v. Monarch Recovery Mgmt., Inc., ___

F. Supp. 2d ___, ____, Civ. No. WDQ-11-2824, 2013 WL 3071334, at

*2 (D. Md. June 17, 2013) (quoting Am. Canoe Ass'n, 326 F.3d at

515), with the goal of "'reach[ing] the correct judgment under

law.'"  Id. (quoting Netscape Commc'n Corp. v. ValueClick, Inc.,

704 F. Supp. 2d 544, 547 (E.D. Va. 2010)).

Although "[a] court's discretion to review an interlocutory

order is 'not subject to the strict standards applicable to

motions for reconsideration of a final judgment,'" the Fourth

Circuit has suggested that a court's analysis may be guided, at

least in part, by Federal Rules of Civil Procedure 59(e) and 60(b).  Id. at ____, 2013 WL 3071334, at *3 (quoting Am. Canoe Ass'n, 326 F.3d at 514).  Thus, in ruling on motions to reconsider interlocutory orders, courts have considered "whether movants presented new arguments or evidence, or whether the court has obviously misapprehended a party's position or the facts or applicable law."  Id. (footnotes and internal quotation marks omitted).

Defendant takes issue with the quality of factual information contained in the record before the Court, and asserts that, as a result, summary judgment on that issue was inappropriate.  Defendant argues that "the lack of specificity in the depositions, the lack of real facts adduced, should mitigate against pre-trial judgment and allow the parties to meet their burdens at trial."[1]  ECF No. 51 at 6.  Specifically, Defendant notes that "[i]t is nearly impossible not to cast stones upon the depositions as they are, at a minimum, inartful, inept, incomplete, and bordering on incoherent."  Id.  Defendant further refers to the factual record – which consisted mainly of depositions and affidavits – as "slim, disjointed, and sloppy,"

---

[1] Although Defendant does not criticize outright prior defense counsel's performance, it is difficult not to read Defendant's motion as primarily expressing dissatisfaction with prior counsel.  As Plaintiff notes in her Opposition, however, Defendant's dissatisfaction with the performance of counsel is generally insufficient to merit reconsideration of a previous order.

and argues that the record "invite[d] the [C]ourt to speculate and extrapolate to show that there are no material issues of fact." Id. at 6-7. Specifically, Defendant avers that a genuine dispute of material fact existed regarding the amount of control exercised, the opportunity for profit or loss, investment in equipment or material, and the integral nature of the services rendered, and that, in concluding otherwise, "the Court drew conclusions of fact not contained in the record." ECF No. 47; ECF No. 51 at 6.

"A motion for reconsideration is 'not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request.'" Lynn, ___ F. Supp. 2d at ___, 2013 WL 3071334, at *4 (quoting Sanders v. Prince George's Pub. Sch. Sys., No. RWT 08cv501, 2011 WL 4443441, at *1 (D. Md. Sept. 21, 2011)). The Court previously determined that no genuine dispute of material fact existed rendering summary judgment inappropriate regarding Plaintiff's status as an employee under the FSLA. The majority of Defendant's Motion for Reconsideration constitutes re-argument of the summary judgment motion. Defendant presents no new facts or evidence.

Moreover, Defendant has failed to demonstrate that the Court misapprehended the facts or law. Although the Court recognized, in some instances, that there were disputes of fact

– for example, whether Defendant imposed fines or fees on
Plaintiff, <u>see</u> ECF No. 35 at 8 – the Court found ultimately that
those disputes were not material in determining Plaintiff's
employment status.  Even reading those disputes in the light
most favorable to Defendant, the economic reality of Plaintiff's
relationship with the Defendant was that of an employee-employer
relationship.  <u>See</u> <u>id.</u>

Defendant contends that the Court speculated in
determining, particularly, "that no reasonable jury could
determine that exotic dancers were not integral to the success
of Norma Jean's."  <u>See</u> ECF No. 51 at 6 (quoting ECF No. 35 at
12-13).  Specifically, Defendant notes that no evidence was
introduced regarding the visibility of dancers in Norma Jean's
advertisements, and that Walter Robinson, in his deposition,
stated that Norma Jean's was a sports bar.  Walter Robinson also
stated in his deposition, however, that the club had "hundreds"
of exotic dancers and that, at any given time, between thirty
and forty girls danced at Norma Jean's.  <u>See</u> ECF No. 21-2 at 21-
22.  He additionally noted that exotic dancing was offered
during all hours of operation.  <u>Id.</u> at 22.  Moreover, most
courts to have considered the issue have noted the importance of
topless dancers to topless nightclubs.  <u>See, e.g.</u>, <u>Hart v.</u>
<u>Rick's Cabaret Intern., Inc.</u>, ___ F. Supp. 2d ___, ___, No. 09
Civ. 3043(PAE), 2013 WL 4822199, at *14 (S.D.N.Y. Sept. 10,

2013); <u>Harrell v. Diamond A Entertainment, Inc.</u>, 992 F. Supp. 1343, 1352 (M.D. Fla. 1997).  Even if the Court's characterization of Norma Jean's as a "topless nightclub" is extrapolating from the record (although all logic suggests otherwise), this factor at best weighs neutrally in the analysis and does not affect the Court's ultimate determination.

Accordingly, IT IS this 16th day of January, 2014, by the United States District Court for the District of Maryland, ORDERED that:

1. Defendant's Motion for Reconsideration, ECF No. 47, is DENIED; and

2. The Clerk of Court shall transmit a copy of this Order to all counsel of record.

/s/
_____

William M. Nickerson
Senior United States District Judge